Martin, J.
delivered the opinion of the court. The plantiff, widow of the defendants’ ancestor, claims from them one half of the property acquired during her coverture, and $500, which she alleges were received by her husband (part of her paraphernal estate) or which she brought in marriage.
They resist her claim, on the ground that she produces no marriage contract in support of her pretention to a community of goods, and they deny that their ancestor received any thing as her paraphernal, or dotal property.
The parish court gave judgment for her, and the defendants appealed.
The facts appear by depositions and documents which come up with the record.
These shew, that the plaintiff was married in the year 1791, in the parish of St. James. Some of the witnesses depose, that there was a marriage contract, and one of them, that he heard it from the plaintiff herself. But no *218 trace of it appears in the office of the parish judge. At the time of her marriage, she had a claim for $525, for a tract of land which she had sold, the price of which was not yet payable ; and, after her marriage, she gave acquittances for $500, in part of it, and it is in evidence, that the defendants’ ancestor mentioned his having received that sum.
It is in evidence, that the marriage took place in the parish of St. James, and that the records in the office of the parish judge have been closely examined, and he has sworn that no trace of the plaintiff’s contract of marriage is to be found among the papers delivered by the commandant of the parish, who alone acted at that time as a notary in that parish.
I. As the marriage took place while this country was under the dominion of Spain, the laws of that kingdom afford us the only legitimate rule of decision.
Whatever husband and wife acquire or purchase during the marriage, is to be divided among them by halves. Recop. de Cast. 5, 9, 2.
The goods which husband and wife acquire during the marriage, whilst they live together, are to be divided between them by halves, in *219 these kingdoms of Castille: and even when they proceed from a donation made to them by the king or other person; or, if they have purchased them, it matters not whether the purchase was made in the name of either or both, because the time of the purchase is alone to be considered, not the party in whose name it was made ; for in this respect, husband and wife are considered as one person; and unless it should appear what are the goods, and their value, which each party brings in marriage, or which had been given to him separately, or which he has inherited during the marriage, all are presumed common. 1 Febrero Contratos, 1, 2, n. 9.
This part of the Spanish law has been transcribed in one of our statutes. Civ. Code, 137, art. 64 and 67.
The law rendering the wife, by the marriage alone, a sharer of the property acquired by the husband, if this advantage was renounced by a marriage contract, or if any other change was made in the provisions of the law, he ought to produce the contract. It cannot be imputed to the plaintiff, that she does not produce hers, although she is proven to have said that there was one. She claims *220 nothing under it: she has made every reasonable effort to procure a copy, if it existed, by a search in the office in which it ought to be.
Denis for the plaintiff, Livingston for the defendants.
A wife seldom takes the precaution of preserving a copy of her marriage contract. It is deposited with the notary for the benefit of every person interested therein; and when she places her person and property in the power of a man, a woman seldom keeps her papers from him.
II. Although the receipt for the $500 was signed by the plaintiff alone, it is in evidence from the lips of the defendants’ ancestor, that the money came to his hands. This is not contrary to the receipt; for the wife may well, after the receipt of the money, have handed it over instantly to her husband, which is what ordinarily happens. The receipt proves only rem ipsam, the payment of the money by the debtor, which is the receipt by the creditor, although the money may not be directly and instantly paid into his hands.
It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be affirmed with costs.