### James Stiff *v.* George Nugent and another.

Where cotton, sold by the bale, does not correspond with the samples, by reason of some defect or vice unknown to the vendee at the time of delivery and acceptance, he will be entitled, even when there is no fraud, to recover the difference between the price, and the value of the article as affected with the defects and vices existing at the time and place of delivery ; as well as the charges necessarily incurred in a foreign port, to which it is shipped, in consequence of discovering that it was false-ly packed, and of inferior quality.

A commission to take testimony, addressed to a Vice-Consul of the United States or a Commissioner named by the court, returned executed, under his signature as Commissioner, is admissible on proof of his signature, and of his having been reputed, and having acted as such Vice-Consul at a period prior to the execution of the commission.

In an action, by the purchaser, for damages in consequence of the inferiority of the article to that of the samples by which it was sold, interest may be recovered, at five per cent, from judicial demand, but not from the date of the purchase.

Interest is a matter of law, and when arising, *ex mora*, is in the nature of damages for non-payment of money due by contract.

Appeal from the District Court of the First District, *Buchanan*, J.

Bullard, J.  The plaintiff alleges, that he purchased of the defendants, a lot of cotton, in the usual course of trade, and which was to have been sound, merchantable, and well packed according to the samples, and to justify the price given for it.  That he shipped the cotton to Liverpool for sale, and that a large part was found falsely packed, the centre of the bales being very inferior, containing quantities of gin-waste, and entirely different from the samples exhibited at the sale,—which produced a loss of three farthings per pound in the Liverpool market, the cotton selling for that much less than it would have sold for, if it had been equal to the samples.  That the loss incurred amounted to £258 11*s.* 9*d.*, equal, at the then rate of exchange, to $1287 18, for which they sue, as the amount of damages sustained by them. There was a verdict for the plaintiff, for the amount claimed, and the defendants appealed from the judgment pronounced thereupon.

The appellants urge, that the record does not show that the plaintiff continued to be the owner of the cotton, and that the loss

sustained, and charges incurred in Liverpool, were supported by him.    To this it is a satisfactory answer, that the question was expressly left to the jury, by the charge of the court ; and that there is sufficient evidence to show, that the cotton was really sold for the account of the plaintiff.

It is next contended, that the charges which form a part of the claim, were not properly chargeable to the defendants.    We are of opinion, that any charges incurred, in consequence of the discovery that the cotton was falsely packed, and of very inferior quality, were properly left to the jury.

There is a bill of exceptions taken by the defendants, to the admission of the return of a commission, purporting to have been executed by the Vice-Consul of the United States at Liverpool, upon the proof of his reputed character, and that he acted as Vice-Consul in 1837, and upon proof also of the handwriting of said person.    The court did not err.    The commission was addressed to the Consul, or Vice-Consul of the United States, as Commissioner named by the court, and it is sufficiently shown, that it was executed by him in that capacity.

The evidence shows clearly, that a great part of the cotton was falsely packed, although there is nothing to induce the suspicion that the defendants knew of it.    It was evidently done at the gin-house.    The purchasers were, therefore, clearly entitled to an indemnity.    The evidence does not satisfy us, that the jury erred in assessing the damages ; but they certainly exceeded their authority, when they gave interest on the amount of damages, from the 12th of April, 1838, before the institution of the suit.    It was their province to assess the damages sustained by the plaintiff.    .Interest is a matter of law, and when arising, *ex mora*, is in the nature of damages for the non-payment of money due by contract.    In other respects, the verdict and judgment appear to us, fully sustained by the evidence.

The judgment of the District Court is, therefore, reversed, and it is adjudged and decreed, that the plaintiff recover of the defendants, *in solido*, *twelve hundred and eighty-seven dollars and eighteen cents*, with interest, at five per cent, from the 25th day of January, 1839, the day of judicial demand, and the costs of the

District Court, those of the appeal to be paid by the plaintiff and appellee.

*Maybin*, for the plaintiff.

*T. Slidell*, for the appellants.