Moreau v. Chauvin and another.

---

LOUIS THEODORE MOREAU *v.* EDOUARD CHAUVIN and another.

Where a vendor fails to comply with a stipulation made by him to cause a general mortgage existing on the poperty sold to be erased, the purchaser may require the recision of the sale. C. C. 1920, 2041. To determine whether a failure of a party to execute an engagement will authorize the recision of the contract, it is only necessary to consider whether the stipulation be such that the contract would not have been entered into without it.

Plaintiff purchased a slave from defendants, who stipulated in the act of sale to erase, within a certain time, a general mortgage existing on the property in favor of the minor children of their vendor, which the latter had bound herself to cancel. The mortgage not having been erased, plaintiff sued to rescind the sale. On a plea by defendants that they had not been put *in mora*, in the manner prescribed by arts. 1905, 1906, 1907 of the Civil Code, it was shown that they had been repeatedly requested to comply with their contract, and that, eighteen months after the period at which the mortgage was to have been erased, their vendor, though often requested to do so, had not instituted any proceeding for the purpose of giving a special mortgage, in place of the general one she had agreed to erase. *Held*, that in such a case it was unnecessary to put the defendants in default in the manner required by arts. 1905, *et seq.*, of the Civil Code ; and that, the thing to be performed depending on the will of another, over whom they have no control, the contract is dissolved of right, in consequence of their inability to comply with it. C. C. 2041, 2042.

On the recision of the sale of a slave for defects in the title, interest on the price cannot be allowed from judicial demand, where the slave remained in the possession of the purchaser. His services must be regarded as equivalent to the interest of the purchase money. Interest should be allowed only from the date of the return, or tender, of the slave to the vendors, in pursuance of the judgment rescinding the sale.

Moreau v. Chauvin and another.

Appeal from the District Court of the First District, *Buchanan*, J.

*Josephs*, for the plaintiff. The defendants bound themselves absolutely to cause the mortgage existing on the slave sold to plaintiff, to be erased by a certain period. This stipulation was *the law of the parties.* ."*Si la volonté des contractans est manifestée expressément et sans équivoque,*" says Toullier, " *on doit s'y soumettre avec une obéisance aveugle, sans qu'il soit permis d'examiner si l'exécution de la condition peut être utile, s'il ne serrait pas plus advantageux de l'exécuter d'une autre manière.*" Vol. 6, Des Contrats, No. 606.

Art. 2033 of the Civil Code declares that, " when an obligation has been contracted on condition that an event shall happen *within a limited time,* the condition is considered as broken, when the time has expired without the event having taken place," &c. In cases like the present, the institution of suit is a sufficient putting *in mora.* Art. 1907 of the Civil Code describes the class of cases in which a previous demand is required to be made. The case of *Erwin* v. *Fenwick,* 6 Mart. N. S. 233, relates to such cases.

Again : If A enters into an obligation that C shall perform a certain act within a given delay,—who is B to put in default admitting the necessity of such a course? As the performance of the obligation depends on the will of a third person, C, it would be absurd to demand it from A ; and as there exists no privity of contract between B and C, the former has no right to call upon the latter. Fortunately for the plaintiff this has not been left as a vexed question. The Civil Code, art. 2041, provides that, " a resolutory condition is implied in all cumulative contracts, to take effect in case either of the parties do not comply with his engagement. In this case, the contract is not dissolved of right; the party complaining of a breach of the contract may either sue for *its dissolution,* with damages, or, if the circumstances of the case permit, demand a specific performance." So much where the obligations depend solely upon the will of the parties contracting. But art. 2042 provides that, " in all cases the dissolution of a contract may be demanded by suit, or by exception ; and when the resolutory condition is an *event not depending on the will of either party, the contract is dissolved of right,*" &c. In this case the condition was an event depending upon the will of Mad. Xavier ; and it was not in the power of the defendants to control the exercise of that will. She has not seen fit, although three years have elapsed, to exercise her will ; and the defendants, upon the recision of the sale, will have a

direct action against her for all damages which they may sustain by the non-execution of her original obligation.

Art. 1905 of the Code provides three modes by which a party may, by his own act, demand that a *contract be carried into effect.* 7 La. 193. But the plaintiff does not demand that any contract should be carried into effect. The contract is null by its terms, as well as by operation of law.

No tender of the slave was necessary. The return of the slave will be the consequence of the recision of the sale, from which time the plaintiff will become the debtor of defendant for the slave, as the latter will become his debtor for the price. Code of Pract. arts. 404 to 418. Interest was properly allowed from judicial demand. The price was due to plaintiff at that time. Its payment was delayed by the fault of the defendants; and interest is the damages for such delay. Civil Code, art. 1929.

*Castera,* for the appellants. The obligation of the defendants was *to do* a certain thing. Such an obligation may be violated actively or passively. Civil Code, art. 1925. The violation complained of—the failure to cause a mortgage to be erased—was passive. In such a case damages are only due after the debtor has been put in default. Civil Code, art. 1927. See *Erwin* v. *Fenwick,* 6 Mart. N. S. 239. *Llorente* v. *Gaitrie,* Ib. 623. *Rowe* v. *Hall,* 1 La. 97. *Reynolds* v. *Yarborough,* 7 La. 193. *Lobdell* v. *Parker,* 3 La. 331. The defendants not having been in default by the terms of the contract, nor by the effect of the law, could only have been put *in mora* by the act of the party, which has not been done.

Interest was incorrectly allowed by the lower court. Plaintiff having retained the slave, had the benefit of his services.

Morphy, J. The plaintiff seeks to rescind the sale of a slave made to him by the defendants on the 5th of May, 1841, on the ground that they had failed to comply with the conditions and obligations of their contract. He alleges, that at the time of the sale there existed on the slave sold to him a mortgage, which the defendants bound themselves to raise and cancel, within forty days from the 8th of April, 1841; that his mortgage was a general one, existing against their vendor, the widow François Xavier, as tutrix of her minor children, which she in her sale to them had obligated herself to convert into a special mortgage, so as to release the slave from that incumbrance, within the above mentioned delay; that this obligation of hers was assumed by the defendants; and that although the forty days have long since expired, and the price of the sale has been paid, this general

mortgage yet continues to exist, and prevents him, the plaintiff, from disposing of the slave, whom he is desirous of selling, &c. The defendants pleaded the general issue, and the want of amicable demand. There was a judgment below rescinding the sale, and decreeing the return of the purchase money, with legal interest from judicial demand, on the plaintiff's restoring or tendering the slave to the defendants. The latter have appealed.

The petitioner's right to obtain the recision of the sale cannot be questioned. The contract is a synallagnatic one, in which the resolutory condition is always implied, in case either of the parties fails to comply with his engagement. The party in regard to whom the contract has not been executed, has the choice either to compel the other to the execution of the agreement, if it be possible, or to demand its dissolution, with damages. Civil Code, arts. 1920, 2041. To determine whether the failure to execute an engagement authorizes a suit for the dissolution of the contract, it is only necessary to consider whether the engagement is such that the contract would not have been entered into without it. In the present case, it is not to be presumed that the plaintiff would have bought this slave, had the vendor not undertaken to have the general mortgage existing upon the slave removed. Pothier, Traité de la Vente, No. 475. But the counsel for the appellants urges, that the plaintiff cannot maintain this action, because he has not put the defendants *in mora*, pursuant to the several provisions of the Civil Code, which require this formality as a pre-requisite to the recovery of damages, or the recision of a contract. Arts. 1905, 1906, 1907. There has not been, on the part of the plaintiff, a strict compliance with these articles, in the manner in which the defendants have been called upon to execute their contract; but the evidence shows, that they were several times requested to have the mortgage raised; that the plaintiff was prevented from selling the slave, by reason of this incumbrance; and that more than eighteen months after the expiration of the time within which it was to have been removed, the widow Xavier, although often solicited by the defendants to comply with her engagements to them, had instituted no proceedings whatever to give a special mortgage, in lieu of the general one she had agreed to raise. It appears to us

that, in a case like the present, it was not necessary to put the defendants in default in the manner pointed out by the articles of the Code relied on by the counsel. The object of the putting in default is, to secure to the creditor his right to demand damages, or a dissolution of the contract, so that the debtor can no longer defeat this right, by executing or offering to execute the agreement. After the debtor has been put *in mora*, his offer to execute his engagement comes too late, and cannot be listened to. 6 Toullier, No. 255. But where the party is unable to comply with his obligation, when the thing to be performed depends on the will of another person, over whom he can exercise no control, the contract is dissolved of right, and the formality of putting him in default would be a vain and useless ceremony. *Lex neminem cogit ad vana.* Civil Code, arts. 2041, 2042. *Garcia et al.* v. *Champomier et al.* 8 La. 522.

There is error, however, we think, in that part of the judgmen which allows the plaintiff legal interest on the purchase money, from the day of judicial demand until paid. It is shown that the slave is yet in his possession. His services may be regarded as a full equivalent for the use of the money which the defendants have had. As long as she is not restored or tendered to them, they are not liable for any interest on the price they have received.

It is, therefore, ordered, that the judgment of the District Court be affirmed, so far as it annuls the sale of the slave Mary, and condemns the defendants to reimburse to the plaintiff the sum of seven hundred and fifty dollars, on the plaintiff's restoring or tendering to them the said slave; and that it be reversed so far as it allows legal interest on that sum from the day of judicial demand. And it is further ordered, that the defendants do pay legal interest upon the said sum of $750, from such time as may be fixed by the judge below, upon satisfactory proof being made before him that the slave Mary has been restored or tendered to them by the plaintiff; and that, for this purpose, the case be remanded for further proceedings. The costs of this appeal to be borne by the appellee.