#### FOR THE

### COUNTY OF RUTLAND,

#### FEBRUARY TERM, 1848.

---

PRESENT,

Hon. STEPHEN ROYCE, CHIEF JUDGE,
Hon. MILO L. BENNETT, ⎱
Hon. HILAND HALL, ⎰ ASSISTANT JUDGES.
Hon. CHARLES DAVIS, ⎰

---

### WILLIAM MARSH v. DANIEL PACKER.

The authority of arbitrators may be revoked at any time before it is executed,—
but not afterwards.

A parol award is sufficient, notwithstanding the submission is in writing, if the
submission do not in terms require the award to be in writing.

BOOK ACCOUNT. Judgment to account was rendered, and an
auditor was appointed, who reported, in substance, as follows.

The plaintiff, among other items of his account, presented a claim
for a quantity of wool sold to the defendant, and the auditor found,
that the wool was sold to the defendant in February, 1844, at the
price'charged in the plaintiff's account. August 20, 1846, and after
the commencement of this suit, the parties, by submission in writ-
ing duly signed, referred to arbitrators the decision of the question,

Marsh v. Packer.

whether the wool was sold by the plaintiff to the defendant, and at what price, and agreed that the plaintiff should have judgment in this suit, so far as this item was concerned, for the amount fixed by the arbitrators, if they should award in favor of the plaintiff, and that, if they should award in favor of the defendant, this suit should proceed in reference only to the other matters of account between them. There was no provision in the submission, that the award should be in writing. On the 21st day of August, 1846, a hearing was had before the arbitrators, and the arbitrators decided upon their award; and this award was soon after published to the parties, by parol merely,—the arbitrators and parties being all present. The award was, that there was no contract of sale between the parties in reference to the wool, and that the plaintiff was not entitled to recover against the defendant therefor. On the seventh day of September, 1846, and after the award was published, as above mentioned, the plaintiff signed a written revocation of the submission and gave notice thereof to the arbitrators. Afterwards the arbitrators reduced their award to writing and indorsed it upon the back of the submission.

The auditor reported, that if the award was not held binding upon the plaintiff, there was due to him from the defendant $895,17; but that, if the plaintiff was bound by the award, there was due to him from the defendant $298,54;—and he referred the question, as to the effect of the award, to the court.

The county court, April Term, 1847,—HALL, J., presiding,— rendered judgment in favor of the plaintiff, upon the report, for $298,54. Exceptions by plaintiff.

*R. Pierpoint* for plaintiff.

The proceedings under the written submission constitute no bar to the plaintiff's charge for the wool; and the auditor having reported, that the defendant bought the wool of the plaintiff, judgment should be rendered in favor of the plaintiff for the full amount reported. When parties make a written submission to arbitrators, it cannot be waived, revoked, or executed by an award, except the same be done by writing. *Sutton et al.* v. *Tyrrell*, 10 Vt. 91. 1 Swift's Dig. 469. *Cable* v. *Rogers*, 3 Bulstr. 312. *Oates* v. *Bromil*, 6 Mad. 100.

*M. G. Everts* and *Foot & Hodges* for defendant.

A parol award is good, and capable of delivery; 1 Stephen's N. P. 129. *Oates v. Bromil,* 2 Petersd. 186, 189. An award has its effect from delivery only; and the declaration to the parties of a parol award is equivalent to the delivery of a written one. 1 Com. Dig. 677, n. *g.* And an award is published, when the parties have notice from the arbitrator, that it may be had on payment of his charges. *Macanthus v. Campbell,* 27 E. C. L. 117. *Hunt v. Wilson,* 6 N. H. 36. The power of the arbitrator must be revoked before his power is executed; and when the arbitrators, in the present case, declared their award to the parties, it was too late to revoke their authority. *Brown v. Vawser,* 4 East 584. *Henfree v. Browley,* 6 East 310. *Dickins v. Jarvis et al.,* 12 E. C. L. 303. *King v. Joseph,* 1 E. C. L. 155. *Selleck v. Adams,* 15 Johns. 197.

The opinion of the court was delivered by

HALL, J. It is admitted by the counsel on both sides, that the authority of the arbitrators might be revoked at any time, before it was executed, but not afterwards; and the only question is, whether, under the submission in this case, a parol award can be valid.

It is said by Judge SWIFT, in his Digest, 469, that, when a submission is in writing, the award must be in writing; but he cites no authorities. It is stated in Kyd on Awards, 74, to have been decided in a case reported in Dyer, 228, that a condition in an arbitration bond, "that the award should be delivered by a certain day," was satisfied by a parol award pronounced to the parties. In *Oates v. Bromil,* reported in 6 Mad. 160, and also 1 Salk. 75, when the submission was by bond, the question raised by the pleadings was, whether a proviso in the bond, that the award was *ready to be delivered* by a certain day, could be answered by a parol award, ready to be published. And it was held that a parol award under such submission would be good, that a declaration of it to the parties would be a delivery of it, within the meaning of the proviso, and that, as soon as the arbitrators had agreed upon the award, it was ready to be delivered. This case seems to be full to the point, that, though the submission be by deed, the award may be by parol, unless the deed provide to the contrary. This, with other old cases, is cited by Stephens, in his Nisi Prius, 129, to show that a parol

award may be good, though the submission be in writing. The same doctrine is laid down in Kyd on Awards, 179, and in Watson on Arbitration and Awards, 128; and no authorities are found to the contrary. We therefore feel bound to hold, that the parol award in this case was sufficient; and that, the authority of the arbitrators having been executed by its publication, the plaintiff's revocation was too late.

The judgment of the county court is affirmed.