## Dan Goodell v. Ira Raymond.

### Parol award. Amendment of written award.

A parol award is sufficient where the submission is in writing but does not require the award to be so.

An arbitrator may correct a mistake in his award, which does not affect or in any way involve a reconsideration of its merits. He may insert the word "dollars" in the statement of the amount awarded where its omission was merely clerical.

DEBT upon an award. A justice suit, commenced in favor of the plaintiff against the defendant, was, by the written agreement of their respective attorneys, submitted to a referee. The submission was in writing but contained no provision respecting the award. The referee, after hearing the parties, announced in their hearing that his award was for fifty dollars, and at the same time handed to the plaintiff a written award, signed by him, which was in the words following:

"In this case, after hearing the evidence and counsel in the case, "and duly considering the same, I find the defendant guilty in man- "ner and form as the plaintiff has alleged; and find for the plaintiff "to recover fifty damages and his costs, taxed at $12.63 and for "my fees $3.00 more."

About ten days afterwards, the plaintiff, without the knowledge or consent of the defendant, procured the referee to interline in said award the word "dollars" after the word "fifty," and erase the words "for my fees $3.00 more." It appeared that the omission of the word "dollars" when the award was first written was a mistake on the part of the referee, and that he erroneously entered the words "and for my fees $3.00 more."

The averment in the plaintiff's declaration respecting the making of the award was merely that the referee after hearing the parties &c., "did make and publish his award;" the award being stated in different ways in different counts.

The county court, June Term, 1854,—COLLAMER, J., presiding,—upon the foregoing facts, rendered judgment for the plaintiff to recover $62.50, to which the defendant excepted.

*A. A. Nicholson,* for the defendant.

The authority of the arbitrator, having once been completely
17

exercised, was at an end, and could not be revived, even for the purpose of correcting a mistake. Cald. on Arb. 177–8. *Henfree* v. *Bromley*, 6 East. 309. *Irvine* v. *Elnon*, 8 East. 53.

Such mistake may afford ground for setting aside the award. *Boston Water Power Co.* v. *Gray*, 6 Met. 131. *In re Hall & Hinds* 2 Man. & Gran. 847.

If the award is of any validity it cannot comprehend the $50, but only such sum or sums as were therein expressed at the time of its delivery.

*Briggs & Hyatt*, for the plaintiff.

There was an oral award made in the presence of the parties which corresponds with the written one.

The oral award is good alone. *Marsh* v. *Packer*, 20 Vt. 198.

The written award is only evidence of an award, and in making the alteration complained of, the arbitrator did not alter his award from that which he first made, and announced in the presence of the parties.

And the parties having notice that the award was for fifty dollars, the omission of the word dollars does not vitiate it. *Platt* v. *Smith* 14 Johns, 368.

The alteration does not vitiate the whole award, and it may stand as it was before the alteration. *Henfree* v. *Bromley*, 6 East. 309. *Brooke* v. *Mitchell*, 6 M. & W. 473.

The opinion of the court was delivered by

BENNETT, J. This is a case where a parol award would be sufficient, although the submission was in writing. *Marsh* v. *Packer*, 20 Vt. 198.

But we see no objection to the correction of the mistake by the arbitrator. When arbitrators have once made and published their award, their powers are so far spent that they cannot revive them, so as to make any amendments of the award, which could by possibility include the essential merits of the case, or in any way affect them.

The *mistake* corrected was purely a clerical omission of the word "dollars," and its connection did not, and could not involve a reconsideration of the merits. It is not even like a correction of an error

in calculation, which might involve a consideration of the merits of the controversy. The case of *Newman* v. *Labeaume*, 9 Missouri, 30, cited in Caldwell on Arbitration, p. 293, is much like the present in principle. The statute required an award to be attested, and it was held, that though it had been delivered *without the attestation*, yet the arbitrators might amend it in that particular, and by the amendment, it was made *effective* as an award.

The defendant cannot well object to the arbitrator's striking out the three dollars for his fees. If in so doing the arbitrator transcended his authority, the effect would be to leave the award three dollars larger than the judgment of the county court.

Judgment affirmed.