Ilsley, J.
This is the revival of the suit between the same parties, in which this Court nonsuited the plaintiff, for a want of putting in mora. 19. An. 130.
The present suit is to recover damages for the non-delivery of thirteen bales of cotton, under a written contract, or receipt, which is in these words:
“ Received of William Pratt, this 3d of December, 1863, one thousand dollars, part payment on thirteen bales of cotton, at the rate of forty-seven cents per pound. Cotton to be delivered at Pratt’s plantation in good order. Payment in full on delivery of cotton,”
(Signed) “Thos. R. Ceaet.”
The defence is, the alleged want of proof of the putting in default, and also a reconventional demand, alleging the tender of the thirteen bales, and demanding fourteen hundred and forty-four dollars, the residue of the price.
The case was tried by a jury, and a verdict and judgment were rendered in favor of the defendant, rejecting the plaintiff’s demand, and sustaining the defendant’s reconventional demand for the amount therein claimed, with five per cent, interest, from the 13th November, 1867, with a proviso, that no fieri facias shall issue until said defendant shall have delivered or tendered to the said plaintiff, at his plantation, in the parish of East Baton Rouge, thirteen bales of cotton in good order; said bales averaging four hundred pounds in weight each, and that plaintiff pay all the costs to be taxed.
In the opinion first rendered by this Court in the present controversy, it was held “ that the plaintiff might have claimed an immediate performance; and that no damages could be claimed by him, without proof of his having put the defendant in default in one of the three different ways pointed out by law.
In the present suit, the putting in mora is specially alleged, and deary proved.
The obligations of the contract were reciprocal. The defendant sold and undertook to deliver at once, at the plaintiff’s plantation, thirteen bales of cotton, for the price of forty-seven cents per pound; of this price, one thousand dollars were paid before the execution of the agreement, the ¡balance being exigible, upon the delivery of the cotton, in the manner Stipulated in the contract,
*292 Although delivery was to be made forthwith, and notwithstanding demand legally made .by the plaintiff on the defendant, the latter made no attempt to comply with his part of the contract, until more than two years after it was entered into, and after he had been put in mora, and after the first suit for damages had been instituted against him.
No valid reason is shown for the non-compliance of the defendant’s obligation; it is, on the contrary, shown that it was entirely feasible to move cotton long before, and that the defendant himself had done so without obstruction.
Had the defendant delivered the cotton immediately after the war, the plaintiff would have received it then, but when- the offer or tender was made, it was too late.
In the ease of Moreau v. Chauvin, 8 Rob. 161, the Court says: “The object of the putting in default is to secure to the creditor his right to demand damages or a dissolution of the contract, so that the debtor can no longer defeat this right by executing or offering to execute the agreement. After the debtor has been put in mora, his offer to execute Ms engagement comes too late, and cannot be listened to.” 6 Toullier, No. 255.
And this rule applies to this case, wherein the default was long previous to the defendants tender of the cotton to the plaintiff.
The defendant’s breach of his contract gives the plaintiff, at his option, the legal right to claim damages. C. C. 1920; 18 La. 310; and, under the law and the evidence, he is entitled to claim, besides, the refunding of his advance payment, the difference of value between the stipulated price and the market price at the time of the default; that is between forty-seven and sixty cents. 13 La. 229.
This disposes of the reconventional demand.
It is therefore ordered, adjudged and decreed that the verdict of the jury be set aside, and the judgment of the Distrct Court be annulled, avoided and reversed; and proceeding to give such judgment as should have been rendered by the Court below,—
It is ordered, adjudged, and decreed that William Pratt, the plaintiff, do recover and have judgment against Thomas R. Craft, the defendant, for the sum of sixteen hundred and seventy-six dollars, and that on the defendant’s reconventional demand there be judgment in favor of the plaintiff and against the defendant. It is further ordered that the defendant pay all costs in both courts.