### No. 212.

### Moses Lobe & Co. *v.* Abraham Reinach & Co.

1. The province of a bill of exceptions is to preserve for the appellate court the facts and circumstances and the ruling of the court *a qua* upon some matter or question, not of record, and arising incidentally during the course of the trial.
2. The province of a statement of facts, on the other hand, is to present, after judgment below, and in absence of a reduction of the evidence to writing, all the facts established in the case.
3. The remedy, therefore, of one who desires to appeal from the final decree of the lower court upon questions of law alone, is to prepare, or secure a statement of facts, as directed by C. P. Arts. 601, 602, 603.
4. A bill of exceptions will not lie to the final judgment rendered in a cause.
5. This Court will not permit a bill of exceptions thus drawn to stand in lieu of a proper statement of facts.

*Appeal from the Civil District Court, Division E.   Lazarus, J.*

*E. Evariste Moise* for plaintiffs, appellants.

*W. S. Benedict* for defendants.

McGLOIN, J.—This is a cause involving less than $500.00, and hence, coming before us upon questions of law alone. We are asked to review the judgment appealed from upon what is designated as a bill of exceptions, and which is as follows:

Be it remembered, that the above entitled and numbered cause having been submitted, the Court, after hearing evidence and argument of counsel on the 7th day of March, 1883. for judgment, and there being no contest between the parties upon any subject matter of the allegations of the pleadings; the question submitted for the Court's determination being confined to:

1. Whether, as matter of fact, the goods contracted for had been manufactured according to contract, and whether the defendant, as a matter of fact, was entitled to recover from plaintiffs $36.00 for enlarging 60 dozen pantaloons.

And, thereupon, the Court found as a fact:

1. That it was impossible to tell from the evidence what proportion of the pantaloons were not made according to the contract, and found as law that plaintiffs could not reject the whole lot because a part were not made according to contract, to which finding of the law plaintiffs reserved their bill.

2. That defendants had failed to prove the facts necessary to recover the $36.00.

And the Court further found that the pantaloons contracted for were, at the time of trial, in condition to be received by plaintiffs, though they were not all in that condition when they should have been delivered, and thereupon gave judgment ordering plaintiffs to receive the goods and pay the contract price, dismissing the demand of defendants for $36.00; the costs of th proceedings to be borne equally by plaintiffs and defendants.

To all of which, saving the dismissal of the demand for $36.00, plaintiffs, through their counsel, excepted, and after approbation

of opposite counsel of this bill, tenders the same to the Court for signature and approval.

(Signed)       E. Evariste Moise,<br>
<em>Attorney for Plaintiffs.</em>

### Note by Defendants.

After judgment in a suit, a bill of exceptions cannot be reserved. Exceptions can only be had to the ruling of the Court during a trial. All the facts advanced, without exception or reservation, and the law applicable thereto, were submitted to the Court and judgment was based thereon.

(Addition by the Judge).

An exception may be reserved to the decision of the Court, the application of the law to the facts.

(Signed)       Henry L. Lazarus,<br>
<em>Judge.</em>

New Orleans, March 9th, 1883.

This is unmistakably a bill of exceptions to the final judgment in the cause. We are asked, in the event of our concluding that this is not a proper case for a bill of exceptions, to ignore the matter of the mere name given the paper filed, and consider it as in truth a statement of facts. We are not prepared to do this, because there is involved something more than a matter of nomenclature. The statement of facts, as known to our law, is prepared in a particular manner, and it has a particular office to perform. When, in an appropriate case, an appeal is to be taken, "the party intending to appeal, or his advocate, must require the adverse party or his advocate to draw up, jointly with him, a statement of facts proven in the cause, and this statement, thus drawn up and signed, either by their parties or their advocates, shall be annexed to the records, and a transcript of the same transmitted to the Supreme Court."

It is only when the adverse party refuses to thus join in making such statement, or where the party cannot agree, that the Judge

*a quo* is called upon to make the statement of facts from his recollection, or from notes.

These provisions give to the appellee the valuable right of participating in the framing of a statement of facts, and to avail himself properly of the privilege, it is clear that he must know that it is in reality a statement of facts that he is expected to deal with. To hand him merely what is considered a bill of exceptions, in the drawing up of which he had no part, and which for its force must depend in the first place upon the Judge's approval and signature, cannot be at all considered as extending to him the privileges of C. P. Art. 602.

The system of pleading, in force in this State, is the creature of express legislation. The province of the bill of exceptions and that of the statement of facts is each clearly and expressly defined. In such a case, the courts cannot obliterate the distinctions of the law-maker, and permit different forms of proceeding to be used indiscriminately. Code of Practice, Articles 481, 483, 487, 488, 489, 510, all of which relate to the bill of exceptions, declaring how and when they shall be taken, etc., form portions of Sections I and II of Chapter V, both of which Sections relate to the course of civil *trials*, Section III of the same chapter being devoted to " Judgments and Costs."

There is only one of the Articles given (Article 487) which, by any stretch, can be imagined to have application so as to justify the taking of the bill of exceptions in this case. That Article is as follows :

" If one of the parties call on the Court to express an opinion on a point of law *arising in the cause*, such opinion may be excepted to."

It is evident that this Article refers simply to incidental questions arising during the progress of a cause, as for instance in the admission or rejection of evidence, the granting or refusing of continuances, etc., questions which are not otherwise of record and which need the preparation of a bill to preserve them for

presentation to the appellate tribunal. If the scope of the Article were as appellant contends, the language would have been different, using the word *points* instead of *point*, and the term "*which have arisen*," instead of "*arising.*"

This is made additionally clear by the fact that Article 490, which authorizes the Judge to render final judgment immediately, if he thinks proper so to do, follows those Articles which relate to bills of exception, as it does all others governing the course of the *trial*, clearly indicating that such rendition of judgment is a matter of subsequent occurrence.

Another consideration is, that at the same time that the law has thus clearly defined the province of the bill of exceptions, it has also defined that of the statement of facts, and the latter it is, within which the circumstances being considered, must place this case. Among provisions of the Code of Practice which govern proceedings *after the judgment below*, we find Articles 601, 602, 603, which provide for the taking of the testimony, in writing, where either party requires it, which testimony, when so written, shall stand for a statement of facts, and where the depositions have not been thus reduced to writing, direct the preparation of an agreed statement, or one which the Judge draws up where parties fail to agree. These provisions, by pointing out a particular form of remedy for a case such as this, exclude such a case, by implication, from all other forms of proceeding in this regard.

We must, therefore, refuse to consider the bill of exceptions in this cause, and regard the case as one in which there is in fact neither bill of exceptions, statement of facts or assignment of errors, and dismiss the appeal.

In so doing, we consider ourselves as supported by the following authorities : Bujac vs. Mayhew, 3 Martin La. 613 ; Fagot vs. David, 4 Martin La. 1 ; Moore vs. Bacon, 2 Martin La. N. S. 249 ; Ferguson vs. Bacon, 12 Martin La. 303 ; Goodwin vs. Heirs of Chenan, 3 Martin La. N. S. 409 ; McMicken vs. Fair, 6 Martin La. N. S. 515.

We have gone to some length in determining this issue, inasmuch as there has been much question among members of the bar, as to the manner of bringing up causes that are in the condition of the present one, and we wish to place the point at rest, so far as we can do so, and to do away with the doubt, at least, so far as the practice of this Court is concerned.

Appeal dismissed at appellants' cost.