No. 237.

### MOSES LOBE & Co. *v.* ABRAHAM REINACH & Co.

1. A contract between debtor and creditor must be executed as indivisible, even though it be in its nature susceptible of division. Alford vs. Tiblier, 1 McGloin. 157, affirmed.

2. Where a vendor tenders goods, only a portion of which are up, in quality, to the standard agreed upon, the purchaser may decline the lot; and where, in such case, the vendee had furnished the material for the manufacture of such goods, the latter, after proper default, may demand and recover the value of his entire material.

3. That a vendor, in such a case, who has been placed *in mora*, completes subsequently, in quality as well as quantity, the lot contracted for, and has the same thus completed at the date of the trial of the cause, cannot affect the result.

*Appeal from Civil District Court, Division E.   Lazarus, J.*

L. E. *Moise* for plaintiffs, appellants.

W. S. *Benedict* for defendants, appellees.

ROGERS, J.—This appeal comes before us for a second time—now on a statement of facts.  It appears both defendants and plaintiffs submitted the facts to the Judge, who, upon a failure to agree as to facts proved, before the motion for this appeal, made

out and signed a statement of facts. We consider this sufficient. C. P. Arts. 602, 603.

The facts stated are:

Plaintiffs contracted with defendants to manufacture and deliver to them 38¾ dozen pairs of pantaloons for the sum of $106.59, plaintiffs to furnish the material necessary; this was done. The pantaloons were to be made in a workmanlike manner and merchantable, well sewed, with buttons attached and shapely in cut. Defendants tendered 38¾ dozen pairs of pantaloons which were refused, as not according to contract. Defendants were placed in default and in turn defendants placed plaintiffs in default. At the time of tender the pantaloons were not made according to contract, though some were, and it was impossible to tell, from the evidence, how many or what proportion of the whole were not in accordance with the contract.

Under this condition of fact, were the plaintiffs compelled to receive less than the whole contract?

Parties are bound as they choose to bind themselves, and courts will not interfere to change the rules and conditions thus imposed.

We had occasion in Alford vs. Tiblier, 1 McGloin, 157, to hold that when certain mules of a certain height were contracted to be delivered, and only a part was tendered, that the party was not compelled to accept the delivery, Art. 2111 C. C. controlled, requiring that the contract between the creditor and debtor be executed as indivisible, although susceptible of division. See also C. C. 2153.

We still hold to these views. An examination of the law presented by counsel, in this case, strengthens us in our opinion as to the correctness thereof.

The facts stated show the amount claimed by plaintiffs, $454.74, is correct, and that only a part of the pantaloons was tendered, after a proper placing in mora: that at the time of trial all were in condition as contracted for, cannot relieve defendants. 8 Rob. 161; 14 La. An. 713; 24 La. An. 235.

It is ordered, adjudged and decreed, that the judgment

of the District Court be avoided and set aside, in so far as it dismisses plaintiffs' claim, and it is ordered, adjudged and decreed that plaintiffs have judgment against defendants, A. Reinach & Co., and the members thereof, Abraham Reinach and J. A. Reinach, *in solido,* for the sum of four hundred and fifty-four 74-100 dollars ($454.74) with legal interest from judicial demand, otherwise said judgment is affirmed. Defendants paying costs of both Courts.