No. ——

First Circuit

---

JONES v. BOREL

---

(May 4, 1926, Opinion and Decree)
(June 5, 1926, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1.  **Louisiana Digest—Sales—Par. 118, 123.**

One is at fault who refuses to accept a shipment of stoves because parts of a few of them were broken in transit. If he refuses to accept them, although the shipper offers to replace the broken parts, he will be liable to the shipper for the expense of storage and re-shipping the stoves.

Appeal from the District Court, Parish of Lafayette, Hon. W. W. Bailey, Judge.

Action by J. Wilton Jones against J. G. Borel. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

F. X. Mouton, of Lafayette, attorney for plaintiff, appellee.

Mouton and DeBaillon, of Lafayette, attorneys for defendant, appellant.

ELLIOTT, J.     During the month of April, 1923, J. G. Borel placed an order with J. Wilton Jones for 23 stoves to be shipped to Borel at Carencro via Opelousas on or about July 1, 1923. When the shipment arrived at Carencro, it was found that four of the stoves had been broken in transit; in fact some broken parts were noticed at Opelousas when they arrived there from the factory. Defendant declined to receive the shipment at Carencro on account of the four stoves, parts of which were broken. Plaintiff's agent called on defendant as soon as he could with reference to the matter and offered to have shipped from the factory to defendant freight prepaid, new parts, to replace the broken parts and to install them on the stoves, all without cost to defendant. Defendant still refused the shipment.

As defendant would not receive the shipment; to save the accumulating storage; plaintiff paid the storage due the railroad company, amounting to $65.63, took the stoves out of the depot and shipped them to a party at Opelousas. In doing this he was compelled to pay the freight first from Opelousas to Carencro and in the reshipment from Carencro back to Opelousas amounting to $31.40. He also paid $3.00 drayage making a total of $100.03.

This suit is to recover from the defendant, the sum thus expended. Defendant resists plaintiff's demand urging that he

was not obliged to accept broken stoves, when he was entitled to receive stoves not broken, etc. The district judge rendered judgment in favor of the plaintiff for the storage and freight amounting to $97.03 but did not allow the drayage. Defendant appealed and in plaintiff's brief he merely requests that the judgment appealed from be affirmed.

We understand from the evidence that the broken parts of the four stoves, did not ruin the four stoves and that the others were all uninjured. That the broken parts could have been replaced with new parts and the stoves made as good as they were when shipped from the factory. The plaintiff offered to supply and install these parts without cost to the defendant. If the stoves had been broken in such a way that the broken parts could not be supplied and the stoves as good and salable as when shipped from the factory, then defendant could not be required to take the broken stoves; but we do not understand that any of the stoves were broken that badly.

It was not plaintiff's fault that some of the stoves were broken in transit from the factory. Defendant should have received the stoves of which no parts were broken at least, and looked to the railroad as to those that were broken. Plaintiff could not have required defendant to pay for the stoves with broken parts, until the broken stoves or parts had been made as good as new; but defendant refused the entire shipment.

The cases Alford vs. Tiblier, 1 McGloin 151, and Moses Lobe & Co. vs. Reinache & Co., 2 McGloin 82, cited by defendant, though similar in some respects, yet they did not in fact rest on a situation like the present case. A stove the broken parts of which could have been supplied and installed and the stove made as good as

when it was shipped from the factory is not like a work animal such as described in the case first cited which does not come up to the size and strength required by a purchaser; nor like a garment, such as described in the case last cited, which can not be re-cut, altered and made to satisfy and fit; the cloth may not permit the change. In this case we think the defendant should reimburse the plaintiff on account of the expense to which plaintiff had to undergo on account of defendant's fault. Plaintiff properly paid the storage and reshipped the stoves to another party when defendant would not receive them.

The judgment appealed from is correct. Judgment affirmed.

Defendant and appellant to pay the cost in both courts.