TESTAMENTARY EXECUTOR OF LEWIS *vs.* CASENAVE.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF NEW-ORLEANS.

The Court of Probates has jurisdiction over a proceeding instituted to compel the defendant to comply with the terms of a sale, ordered by that court.

The general repealing law of 1828, applies only to the Roman Civil Law, and the Spanish laws in force in the country at the time of the passage of that act, leaving the provisions of our own legislative acts still in force.

An exception in the repealing clause of that act, in favor of a particular chapter of the old *Civil Code*, shows clearly the intention of the legislature to repeal all other parts of it.

The presumption created by the 2568th article of the *Louisiana Code*, regards vices of body solely.

EASTERN DIS.
May, 1834.

LEWIS' EX'R.
vs.
CASENAVE.

On motion of testamentary executor of Robert Lewis, it was ordered that J. B. D. Casenave, show cause why a *distringas* should not issue to compel him to comply with the conditions of the sale, made of the slaves of said estate, on the 15th of November last, at public auction, by William Flower, at which sale said Cazenave bought a negro man named Archer, for the sum of eight hundred dollars, as appeared by the process verbal of Flower, on file in court.

The defendant in answer to the rule, excepted to the jurisdiction of the Court of Probates, in the matter then submitted to their consideration; and in case the exception should not be sustained, he answered, that he could not be bound to comply with the conditions of the adjudication made to him of a certain slave named Archer, for the following reasons:

1st, That said slave was never delivered to the respondent, and never, up to that time, had been in his possession.

2d, That the said slave had runaway the day of the adjudication, or the very day after, and was sold free from all vices and maladies prescribed by law.

*Flower*, the auctioneer, testified, that at the sale made by him of the property belonging to this estate, on the 15th of November last, J. B. D. Casenave purchased the slave Archer, for the sum of eight hundred dollars; that the said slave was delivered to him, and he took him away; on the Monday following, deponent met Mr. Casenave, who then informed him that he had given the negro permission the day or two previous, to wit: on Saturday or Sunday, to go and bring his clothes, and that he had not returned; the sale was made on a credit of four months.

Plaintiffs offered in evidence the order authorising the sale, which order is dated the 11th of October, 1832, and the process verbal of William Flower, filed 5th December, 1832, and the order of the court of the same date with the petition, admitting the same to be filed and homologated.

*Busquet*, testified, that he was in the employ of the defendant in the month of November and December last,

and before that time, he was there on the 15th November; that the slave Archer came to Mr. Casenave, about the 15th November last; that he absented himself the second day afterwards, and has not appeared there since; that he was not illtreated or misused by Mr. Casenave.

The judge *a quo*, considered, 1st, that the court has jurisdiction of the question, the sale of the slave Archer, having been made by its order and under its authority.

2d, That from the testimony, it appears that J. B. D. Casenave was deprived of the services of the slave Archer, by the said slave Archer running away on the day of the sale, or on the day after; that from the advertisement produced, and under which the said slave was sold, connected with the fact that Archer left Casenave, as aforementioned, it may safely be inferred that Archer was one of those slaves who, in the words of the advertisement, had " *occasionally absented themselves from their late master;*" and that the running away of Archer, within three days after the sale, establishes the presumption that he was in the habit of running away.

The rule was discharged and the adjudication annulled.

The heirs appealed.

*Slidell*, for the heirs and appellants.

1. The *article* 74, *page* 358, of the *Old Code*, which declares that the action does not take place in sales merely on authority of justice, has not been repealed; the repeal cannot be inferred from its omission in the new Code. *Flower* vs. *Griffith*, 4 *N. S.* 89. *Pignilit* vs. *Omet*, 4 *N. S.* 434.

2. Article 2508, has no application to vices of character; it is evident from the examination of the context, that it only applies to vices of body.

3. The judge erred in refusing a new trial on the affidavit of H. Lewis; the affidavit is admitted to be sufficient, had it been made in time. The new trial was refused, on the ground that it had not been presented within three days.

This court has decided that it may be made at any time before signing of the judgment. *Smith* vs. *Harrathy*, 5 *N. S.* 319.

*Soulé*, for appellees.

MATHEWS, J., delivered the opinion of the court.

This is a proceeding instituted and now carried on by the executor and heirs of Robert Lewis, to compel the defendant to comply with the terms of sale of a certain slave, sold by order of the Court of Probates, as belonging to the succession of the testator. The sale was made at auction, on a credit of four months. The slave was delivered to the defendant, and two days after being taken home, was permitted by his new master to go to some place for his clothes; he did not return but absconded. An exception to the jurisdiction of the court below, was taken on the part of the defendant, which was overruled. The defence on the merits, is an allegation of the redhibitory vice in the slave of running away; which was sustained by the court of the first instance, and judgment rendered by the defendant, from which the plaintiff appealed.

We are of opinion that the exception was properly set aside. The object of the proceeding (originally in a motion for a *distringas*,) is to complete a sale ordered by the Court of Probates, which may well be considered as the tribunal most competent to carry into full effect its own orders. The correctness of the judgment rendered on the merits, is contested on two principal grounds: 1st. That the sale having been made by order of a court, is judicial, and the estate or the representatives of Lewis, are not bound in warranty, &c. 2d. That the record affords no legal evidence of a habit of running away in the slave purchased by the defendant.

As to the first of these grounds, it is assumed in the proposition, that the article 74, page 358, of the *Old Code*, has not been repealed, a doctrine supported by two decisions

The Court of Probates has jurisdiction over a proceeding instituted to compel the defendant to comply with the terms of a sale, ordered by that court.

to be found in 6 *N. S. pages* 89 and 434.  These decisions were made prior to the general repealing law, approved on the 25th of March, 1828.  The clause of repeal is sweeping in its effects, *tremendously sweeping*, and an unwise or inconsiderate interpretation on the part of the courts of justice, would have left the community without any civil laws, except those contained in the *Louisiana Code* and *Code of Practice;* an evil so great as to be irreconcileable with the wisdom that must be conceded to our legislatures.  Decisions in this court have limited its effects to the Roman Civil Law and the Spanish laws, in force in the country at the time of the repealing act; having the provisions of our own legislative acts still in force, according to general rules of abrogation.  But an exception in the repealing clause, in favor of a particular chapter of the *old Civil Code*, shows clearly the intention of the legislature to repeal all other parts of it.  It is not pretended that any provision, similar to those found in the *Old Code*, is any where retained in our laws subsequently enacted.

The second ground of defence against the right of redhibition claimed by the defendant, is that on which the decision of the cause mainly rests.  The only evidence in support of the position assumed in relation to the redhibitory vice or defect of character in the slave bought, (by the habit of running away) is the presumption established by law arising from the fact of his having runaway within the three days immediately after the purchase, &c.  The article 250 of the *Louisiana Code*, is relied on in support of this presumption.  To understand this article, reference must be made to some of the general provisions on the subject of redhibition.  The vices or defects in slaves which give rise to redhibitory actions, are divided into two classes: such as affect the health of the subject and such as affect his character.  Vices of body are distinguished into relative and absolute.  Those of body considered absolute, are three, leprosy, madness and epilepsy.  The vices of character which give rise to redhibition, are confined to the cases in which it is proved " That the slave has committed a capital offence, or

The general repealing law of 1828, applies only to the Roman civil law and the Spanish laws in force in the country, at the time of the passage of that act, leaving the provisions of our own legislative acts still in force.

An exception in the repealing clause of that act, in favor of a particular chapter of the old *Civil Code*, shows clearly the intention of the legislature to repeal all other parts of it.

that he is addicted to theft, or that he is in the habit of running away." It is subsequently provided in the article above cited, " That the buyer who instituted the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."

On the part of the plaintiffs it is contended, that this presumption created by law, regards solely vices of body; and in our opinion, with great force of reason. As to one of the vices of character, it is wholly inapplicable, viz. the commission of a capital crime. Neither can a habit be proven by proof of a single act; habit is the result of many repetitions of the same act. Effect may be given to the provision of the Code, by limiting it to diseases or vices of body, without making the law institute a forced and unreasonable presumption, and one in some degree contrary to common sense.

*The presumption created by the 2508th article of the Louisiana Code, regards vices of body solely.*

This question was examined pretty much at large, (if not absolutely decided) in the opinion pronounced in the case of *Zanico* vs. *Habine*, 5 *Mart.* 372. According to the doctrine therein indicated, the conclusion may very fairly have been drawn, that the court considered this presumption of law as solely applicable to vices of body. It is true that decision was made under the government of the old Code, but the new and old Code are, touching this matter, similar in their provisions.

It is believed that this rule of evidence was borrowed from the Spanish law on the subject of redhibition, and although these laws are now repealed, we presume it cannot be viewed as a judicial offence, to resort to them in aid of interpretation. We find in the 25th number, under the head of *Redhibitoria,* in the *Curia Philipica,* provisions very similar to those contained in the article 2508 of the *Louisiana Code;* but from the expressions there used, it is evident that the rule in relation to the presumption arising from the appearance of the vice, within three days immediately succeeding the sale, is intended to apply exclusively to vices of body.

It may be well to give the author's own words: "Para haber lugar la redhibitoria, ó *quanto minoris*, ha de sev el vicio, ó defecto en que se funda nacido antes de la venta, y no dispues de ella, sino es que fue concebido, y engendrado antes, y despues empezó á pa parecer, que éntonces tambien ha lugar conforme un texto, y Cepola, el qual, (alegando otros) dice, que en duda si es nacido el vicio incontinente, ó tres dias des pues de la venta, se presume ser habido ántes de ella, &c. *Cur. Phil. Verbo Redhibitoria, p.* 329.

It appears to us, that it would be in direct opposition to the philosophy of language, to say that a vice or defect made its appearance suddenly, and by one single act or circumstance, when to constitute the vice, habit or a series of acts, are required. The defendant has failed to produce legal proof in support of his exception, as being based on a redhibitory vice.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the Court of Probates be avoided, reversed and annulled; and it is further ordered, that the rule taken on the defendant for a *distringas*, be made absolute, and that appellee pay the costs of this appeal. Reserving to him his right to prosecute his redhibitory action, if any he has.