## FUENTES *v.* CABALLERO.

Proof of an offer by the purchaser to return a slave bought by him, and that the offer was rejected by the vendor, is sufficient evidence of a tender to entitle him to recover in a redhibitory action. It is not necessary that the person of the slave should have been actually produced and tendered to the vendor.

Where the vendor is ignorant of the vices of the thing sold, he is only bound to restore the price, and reimburse the expenses occasioned by the sale and those incurred for the preservation of the thing. C. C. 2509. Funeral expenses, when the slave has died, and the costs of suit and fees of counsel employed in the redhibitory action instituted by the purchaser, are not included among the charges to which the vendor is, in such cases, subjected. It is only where the vendor knows the vice of the thing sold and omits to declare it, that he is answerable in damages. C. C. 2523.

APPEAL from the District court of the First District, *Buchanan,* J. The judgment of the court was pronounced by

KING, J. The plaintiff, *F. Fuentes,* instituted this suit to recover from the defendant, *Caballero,* the price of a female slave, sold by the latter to the former, alleging that, at the time of the sale, she was afflicted with a redhibitory disease, of which she subsequently died. The defendant called *Barnada Lian-*

---

FUENTES
v.
CABALLERO.

*dro* and *Antonio Gavañac*, in warranty. The cause was submitted to a jury, who rendered a verdict in favor of the plaintiff, for the price of the slave, and $200 for expenses incurred, and in favor of defendant against his warrantors for the price of the slave, and $200 for expenses. A judgment was rendered in the court below in conformity with this verdict, from which the warrantors, after an unsuccessful application for a new trial, have appealed. The plaintiff and defendant acquiesce in the judgment, take no appeal, and, as between them, no question arises.

The grounds relied upon in the court below, and urged in this, in support of the application for a new trial are:

1st. That the verdict is contrary to law and evidence.

2d. That the sum of $200, awarded as expenses, was not proved.

3d. That the court erred in allowing receipts of the Charity Hospital, for care given to *Mary Ann*, which was not the name of the slave whose price was in contest, to go to the jury.

These will be considered, inverting their order:

I. In the petition it is specially averred, that the plaintiff, " as soon as he discovered that the slave was afflicted with a chronic and incurable malady, applied to the defendant to take her back, and return the purchase money"; and the allegation is fully supported by the testimony of *E. Briggs*, the attorney originally employed to institute the suit. It is true that the person of the slave was not actually produced and tendered to the defendant. This, however, has been held not to be necessary, where the offer to return has been made and rejected. 18. La. 599.

II. The judge did not err in permitting the receipts of the Charity Hospital, for services rendered to *Mary Ann*, accompanied, as they were, with other evidence that the sums had been paid, to go to the jury. The objection could only be to their effect, leaving the identity of the person named in the receipts with the slave described in the act of sale to be subsequently established; and this appears to have been done satisfactorily to the jury.

III. The finding of the jury is in the following words: " Verdict in favor of the plaintiff, with medical attendance and funeral expenses, with costs of the court. Price of slave $750 ; expenses $200=$950. Verdict in favor of defendant against the warrantors, with professional and funeral expenses, and costs of the court. Price of the slave $680 ; expenses incurred $200=$880."

When the seller is ignorant of the vices of the thing sold, he is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing. Civil Code, art. 2509.

The costs of suit, fees of counsel, and funeral expenses, are not included among the charges to which the seller is, in such cases, subjected. It is only where he knows the vice, and omits to declare it, that he is answerable in damages. Civil Code, art. 2523. In the present instance no such previous knowledge is alleged in the pleadings, and we think none was proved on the trial.

It becomes necessary to correct the verdict, as far as relates to the sum awarded to reimburse expenses incurred. The evidence shows, that the slave was in the hospital sixty-three days, at one dollar a day.

It was urged in the court below, upon the motion for a new trial, that the slave had been sold to *Caballero* by *Liandro* alone, the wife of *Gavañac*, whereas a judgment has been rendered against both these parties. The answer of the district judge to this objection is conclusive. The defendant in his answer

avers, that he purchased from both the warrantors, and the latter, in their answer, say, that *their* slave, when they sold her to *Caballero*, was sound and healthy. Their joint ownership is no where denied in the pleadings.

With the exception of the error already noticed, we think that the evidence supports the verdict of the jury; and the means being furnished in the record of making the correction, justice does not require that the cause be remanded.

It is, therefore, ordered, adjudged and decreed, that so much of the judgment of the District Court, as awards the sum of $200 to the defendant, to be paid by the warrantors for expenses, be annulled and reversed. It is further ordered, that the defendant recover of the warrantors $63, the amount of expenses incurred for the medical treatment of the slave Mary. In other respects said judgment is affirmed as between the defendant and warrantors; the defendant, *Caballero*, paying the costs of this appeal.

*Schmidt*, for the plaintiff. *Bodin*, for the defendant. *Canon*, for the appellants.