## DWIGHT v. RICHARD.

A new trial will not be allowed on account of the absence of plaintiff's attorney, caused by the ignorance of the latter of the month in which the term of the court was to be held, where the commencement of the term was fixed by law, and the plaintiff was in the parish in which the court was held and aware of the day on which the term would commence, and might have appeared and asked a continuance, and, if unsuccessful, have employed other counsel.

The fact that no return had been made on an *ex parte* order of survey, at the time of trial, is no ground for a new trial. It was a matter to be submitted to the discretion of the court on an application for a continuance.

The fact of a case being set for trial and tried on the same day, in a district court in the country, will not entitle a party to a new trial. It is a matter to be submitted to the discretion of the court, on an application for a continuance.

Where a judgment bearing interest has been enjoined, such additional interest only can be allowed, on dissolving the injunction, as will make the rate allowed equal to the highest conventional interest.

The judgment rendered against a plaintiff on his non-appearance, should not be conclusive against him, but one of non-suit only.

Sec. 3 of stat of 25 March, 1831, authorizing the allowance of interest and damages on the dissolution of an injunction, applies to injunctions of orders of seizure and sale in other cases than those enumerated in art. 739 of the Code of Practice, in which the party is not required to give bond.

APPEAL from the District Court of Assumption, *Randall*, J. *Dwight*, for the appellant. *S. L. Johnson*, for the defendant. The judgment of the court *(King,* J. absent,) was pronounced by

SLIDELL, J. *Richard* sold *Dwight* his interest in a tract of land, One of the instalments not being paid at maturity, *Richard* obtained an order of seizure and sale. *Dwight* then arrested the order by injunction, alleging outstanding titles and disturbance, etc. An order of survey was granted, in March, 1848, on *Dwight's ex parte* motion, and upon suggestion that a survey was necessary to

show the quantity of land covered by adverse claims. On the second day of the May term, 1848, the defendant's counsel moved that the cause be set for trial for that day. This having been done, the cause was taken up on that day; and, the plaintiff having been called and not appearing, a judgment was rendered in favor of the defendant in injunction, with two per cent interest in addition to. the interest which the amount enjoined bore, and twenty per cent damages. On the third day of the term the plaintiff applied for a new trial, supporting his application by the affidavits of himself and his attorney. The new trial was. refused; and the plaintiff has appealed.

The principal ground of the application is, the absence of the attorney. The plaintiff deposes that his attorney, who lived in another parish, had the sole charge of the case; that he wrote to him on the 9th and 14th May, urging his punctual attendance; but that his attorney did not receive the letters until the 16th. The attorney deposes that he had been under the impression that the term was to be held in June, but not feeling certain that it was not to be in May, he wrote, on the 2d May, for information, and received from his client, on the 16th, the two letters. That he immediately started, and, by traveling day and night, was enabled to reach the court on the third day of the term.

Although there seems to be hardship in this case, we have concluded that we cannot relieve the plaintiff by reversing the judgment and remanding the cause for a new trial, without establishing a dangerous precedent. The rules which govern courts in the administration of justice are framed with reference to general results, and must be respected and enforced, although, in particular cases, they may operate harshly. We do not think we can relieve this party, because his case was taken up, and disposed of, *ex parte*, through the mistake of his attorney. The term of the court was established by statute; the attorney and his client were bound to know the law, and cannot plead ignorance of it. Besides, the plaintiff was in the parish, was aware of the day on which the court would open, and was anticipating the necessity of readiness for trial. Finding that his attorney did not arrive, he could have appeared and asked a continuance, and, if unsuccessful, could have employed other counsel.

In *Bunch v. Casterton*, 7 Bingham, 224, the cause was undefended; and a verdict having been found for the plaintiff, the defendant asked a new trial upon the ground that his attorney had been compelled to go to Ireland, and that, in his absence, the case had, through the inattention and misconduct of his clerk, been called as an undefended case, although there was good defence on the merits. But the court said, if we were to make this rule absolute every case might be tried twice over, as defendants would lie by to speculate on the amount of the first verdict. So in *Moody v. Dick*, 4 Neville & Manning, 348, there was a motion for a new trial, upon affidavits stating that the defendant had been kept in ignorance of the state of the action by the attorney whom he then employed, that he had a good defence upon the merits, and that the verdict had gone against him by reason merely of the negligence of his late attorney. But the court said, that no sufficient ground for depriving the plaintiff of his verdict had been shown, supposing the affidavits to be perfectly correct. They suggested, however, upon the same supposition, that the defendant might have a good cause of action against his late attorney. See also *Allen v. Donnelly*, 1 McCord, 113. *Hatcher v. Reed*, Hardin, 515. The case of *Levistones*, 3 An, 245, was one apparently of peculiar hardship; the party lost his appeal by the alleged fault of his attorney, but we were constrained to refuse relief.

<div style="margin-left:auto">DWIGHT<br>
v.<br>
RICHARD.</div>

It is obvious that if courts were to abandon the rule, the administration of justice would be frequently frustrated under color of the negligence or omissions of attornies; and the inconvenience would be particularly felt in the country, where the terms are held at long intervals. We feel satisfied that the attorney in this case was not intentionally absent; but there are many cases in which the private mischief must yield to the general convenience.

One of the grounds for the new trial was that the survey was not returned. But this would only have been a ground to be submitted to the discretion of the court, on an application for a continuance. The same remark applies to the setting of the cause for trial, and trying it on one and the same day.

Upon the authority of the case of *Aillet* v. *Henry*, 2 An. 146, we think the appellant is entitled to relief as to the allowance in the judgment of two per cent as extra interest, the debt bearing eight per cent.

As the judgment was rendered upon the non-appearance of the plaintiff it should not have been conclusive against him, as it might, perhaps, be considered in its present form.

We are of opinion that the statute of 1831 applies to injunctions of orders of seizure and sale in cases other than those enumerated in the 739th article of the Code of Practice, in which the party is dispensed from giving bond.

Under the circumstances we think it a proper exercise of our discretion to reduce the damages, the merits having not yet been exhibited, and it not appearing that the injunction was wantonly obtained.

It is, therefore, decreed that the judgment be amended, by striking out the allowance of extra interest of two per cent, by reducing the damages to two per cent, and by reserving to the plaintiff the right of asserting hereafter by suit or defence the matters of complaint in his petition alleged; and that so amended the judgment be affirmed; the costs of this appeal to be paid by said *Richard*.