W. H. HARRIS *v.* E. B. HARRIS

Where the sale of succession property is ordered to pay debts, an heir cannot be allowed to retain the price of property adjudicated to him.

It is not necessary that the executor should make a tender of a transfer to the purchaser at public sale, in order to put the latter in default.

The proceeding of *folle enchère* may be resorted to in succession sales, and a new order of sale is not necessary.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *P. E. Bonford* and *J. B. Eustis,* for plaintiff and appellant. *Chilton & Harrison,* for defendant.

BUCHANAN, J.   Plaintiff appeals from a judgment of the District Court, setting aside an injunction obtained by him against a resale for his account and risk of certain succession property purchased by him, he not having complied with the terms of the first adjudication, which were cash.

The grounds alleged by plaintiff for an injunction, appear to be :

1st. That he is one of the heirs of the succession for account of which the sale was made, at which he became purchaser.

2d. That a rule to show case why the property should not be resold for his account and risk, was made absolute without notice to him, although he is a resident of the State.   The notice is alleged to have been given to a curator *ad hoc* appointed to represent him.

3d. No sufficient averment of *putting in default* was made in the rule taken upon petitioner, for the resale at his risk.

We agree with the district Judge, that the allegations of the petition do not present a sufficient legal cause for injunction.

The original sale is presumed to have been ordered by the court, for the purpose of paying the debts of the succession.   C. C. 1661.   Indeed the district Judge, in his reasons for judgment, declares that such was the fact.   Supposing the plaintiff to be one of the heirs, he could not, on that account, be allowed to retain the price of adjudication in his hands ; for upon the showing of debts by the executor to authorize a sale, the heir would have nothing to receive from the succession, until the debts were paid.   Again, plaintiff does not state how many heirs there are, nor that his proportion of the inheritance was equal to the amount of his bid.   His words are, "that the succession of said *John L. Harris* is largely solvent, and that petitioner, as one of the heirs and distributees, is entitled to receive and will receive, a considerable sum on the partition thereof."

The petition alleges the rule for resale was made absolute without notice to him ; yet his allegations, which are very circumstantial, show him to be thoroughly informed, at the time of filing his petition, of all the proceedings upon the rule ; and no valid reason is stated why the rule should not have been made absolute.   The petitioner does not allege that he has ever been ready and willing to pay the amount of his bid ; on the contrary, as we have seen, he pretends to be dispensed, in his quality of heir, from paying his bid.

The executor was not obliged to tender to plaintiff a transfer of the stock, in order to put the latter *in mora.*   C. C. 2463.

In argument, the counsel of plaintiff have urged a ground for injunction, not stated in the petition, viz, that a purchaser at a succession sale, made by order court, is not subject to the proceeding of *folle enchère.*

The contrary is settled by two decisions, *Landry* v. *Conelly*, 4th Rob. 127, and *Duncan* v. *Armant*, 3d Ann. 84. In the latter case, which comments the former one, it is even decided that no new order of sale is necessary.

Judgment affirmed, with costs.