## No. 4471.

### Succession of M. R. Haggerty. On Rule against Purchaser to comply with Terms of Sale.

The court a qua had power to order the sale of succession property, and, incidentally, to enforce a compliance with bids made by purchasers. or to order a resale of the property at the risk and expense of the purchasers. The defendant had refused to pay the price of the adjudication after a title was tendered him in open court on the return day of the rule.

The object of the plaintiff in proceeding against the defendant was to render final and complete a matter pending and in abeyance in the court which had ordered the sale of the property. It was proper for him to proceed by rule. By the silence of the defendant, after due notice, the plaintiff was entitled to the decree he prayed for.

APPEAL from the Second District Court, parish of Orleans. *Tissot*, J. *Charles F. Claiborne*, for administrator, plaintiff, and appellee. *McGloin & Nixon*, for defendant and appellant.

Taliaferro, J. This case is presented on a statement of facts agreed upon by the parties. Philip McCabe became the purchaser of certain real estate belonging to the succession of Haggerty, which was sold under an order of the Second District Court of New Orleans, for the payment of debts of the succession. McCabe failing to comply with the terms of sale, a rule was taken against him by the administrator to show cause why he should not do so, or why the property should not be sold at his risk and expense.

The rule was served upon the defendant, and failing to answer it a judgment by default was taken against him, and made final after the legal delays. The defense is that the Second District Court was without juris-

diction in the premises; that the proceeding by rule was irregular and not sanctioned by law; that no tender of title was made to McCabe, and no refusal on his part to accept title; that the judgment was improperly rendered.

The court had power to order the sale of succession property, and, incidentally, to enforce a compliance with bids made by purchasers, or to order a resale of the property at the risk and expense of the purchasers. 4 R., p. 127. The defendant has refused to pay the price of the adjudication after a title was tendered him in open court on the return day of the rule.

The object of the plaintiff in proceeding against the defendant was to render final and complete a matter pending and in abeyance in the court which had ordered the sale of the property. It was proper for him to proceed by rule. By the silence of the defendant, after due notice, the plaintiff was entitled to the decree prayed for.

It is ordered that the judgment appealed from be affirmed with costs.