HARRISON BERRY V. MONTGOMERY CARTER.

1. MISJOINDER OF CAUSES OF ACTION; *Waiver.* When no question is raised in the district court as to the misjoinder of two causes of action, such court does not err in any case in adjudicating upon both of such causes of action.

2. LOST INSTRUMENT; *Parol Evidence.* Where no objection is made to the introduction of parol evidence to prove the contents of a lost written instrument, it is not error for the court to permit such evidence to go to the jury.

3. CONTRACT; *Anticipated Trespass; Damages; Arbitration.* Where several persons enter into a written contract, stipulating that each shall keep up his own cattle, and prevent the same from trespassing upon or injuring the crops or hedges of any of the others, for the period of three years, and that in case any injury should occur by reason of the cattle of any one of said persons trespassing upon the crops or hedges of any of the others, and in case the parties themselves could not agree upon the amount of the damages sustained, then, that the question as to the amount of such damages should be submitted to arbitrators consisting of three of the signers to said contract — one of such arbitrators to be selected by each of the parties respectively, and the third one to be selected by the other two arbitrators — and that the decision of such arbitrators should be final between the parties, *held,* that such contract is valid and binding.

4. ———— *Breach of Contract; Action at Law, Maintainable.* Where, after such contract has been made, the cattle of B. (one of the parties to said contract,) trespass upon the crops of C., (another of the parties to said contract,) and injure said crops, and B., on the demand of C., refuses to pay any damages, and refuses to recognize such contract as having any force or validity, C. may immediately, and without offering to submit the question of damages to arbitrators, commence an action against B. for the amount of such damages. B., by refusing to recognize the validity of such contract, waives his right to have the amount of said damages determined by arbitrators under the contract. And, under said contract, it makes no difference, with reference to C.'s right to recover, whether C.'s crops were fenced, or not.

5. ———— *Contract not Affected by Mutual Trespasses.* Where B.'s cattle trespass upon the crops of C., and C.'s cattle upon the crops of B., these mutual trespasses do not in and of themselves rescind or destroy said contract, or render any of its stipulations inoperative.

6. ———— And where C.'s cattle trespass upon the crops of B., and B. does not claim that his crops were fenced, or that C. drove his cattle onto said crops, or that B. was willing or that C. was unwilling to submit

the question of damages to arbitrators under the contract, B. has no cause of action against C. for said damages. Before B. can have a cause of action against C., in such a case, he must be willing, and C. unwilling, to submit the question of damages to arbitrators in accordance with said contract.

### *Error from Chautauqua District Court.*

TRESPASS, brought by *Carter*, to recover damages for injuries to his hay, growing crops and hedges, committed by *Berry's* cattle. In his bill of particulars, *Carter* averred the making of the contract mentioned in the opinion, *infra*, alleged that he had "performed all the conditions of said contract faithfully, according to the terms thereof," and alleged that *Berry*, "in violation of the condition of said contract, ever since the 1st of November 1874, has and still does willfully and carelessly allow and permit certain cattle belonging to him (said *Berry*) to run and trespass upon plaintiff's land and crops," etc., and that he "requested said defendant to settle the question of damages and the amount thereof according to the terms of the said contract or agreement, which the defendant refused and still refuses to do." Trial at the May Term 1875 of the district court. Verdict and judgment for *Carter* for twenty-five dollars, and *Berry* brings the case here.

*J. D. McCue*, for plaintiff in error, contended, that there was a misjoinder of causes of action; that as Carter's land was not fenced, he was not entitled to damages for injuries to his crops and hedges; that the contract between the parties was one that could be rescinded and repudiated by the parties; and that the court erred in excluding testimony offered by Berry to establish a counter claim for damages sustained by him by reason of certain trespasses committed by Carter's cattle upon the lands and crops of Berry.

*M. G. Miller*, and *R. H. Nichols*, for defendant in error, maintained that an action at law had accrued to Carter, by reason of the trespasses, and of Berry's refusal to arbitrate.

The testimony of Carter direct, and of Berry on cross-examination, shows that Carter performed all that was required of him under the contract. Carter demanded of Berry the payment of damages done by Berry's cattle, and Berry positively refused to pay damages, and also refused to be governed by the contract; this removed the necessity of any further demand on the part of Carter. The contract is wholly independent as to each of the parties thereto. It is a contract between Carter and each of the other parties thereto respectively, as well as between any party thereto and each of the others respectively; and if all except Carter had mutually agreed to rescind and repudiate it, they could not do so as between Carter and any one of themselves. It could not be rescinded unless all the parties thereto mutually agreed that it should be so rescinded. (2 Pars. Contr. 528.)

The testimony offered by Berry and rejected by the court was for the purpose of a set-off against Carter's demand. This testimony was properly rejected, because Berry had positively refused to be governed by the contract, and had not performed any of its conditions, and because the contract was wholly independent as to each party thereto, and Berry could not recover for damages resulting from Carter's violations of the contract until he had first made the proper demand of Carter to submit it to arbitrators. But even if Berry had continued to recognize the contract as being binding upon him, and had performed all things under the contract necessary to avail himself of the benefit of its provisions, he could not recover in this suit by way of set-off.

There is no misjoinder of causes of action, and if there was, the plaintiff in error has waived all his right to objections and exceptions by reason thereof, because he did not raise this question at the trial of the case as required by law and practice. (5 Kas. 441.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced in a justice's court, and after trial and judgment it was appealed to

10—19 KAS.

the district court, where it was again tried, and on such trial judgment was rendered in favor of the plaintiff, Montgomery Carter.   The defendant, Harrison Berry, as plaintiff in error, now brings the case to this court.   The plaintiff below set forth in his bill of particulars two causes of action.   We

1. Misjoinder; waiver.   think there was no misjoinder of such causes of action; but even if there was, still, as the question is raised for the first time in this court, no error was committed by the court below in adjudicating upon both of said causes of action.

The first cause of action was founded upon a written instrument.   The plaintiff did not furnish a copy of said written instrument with his bill of particulars, nor did he introduce either the original or a copy thereof in evidence.

2. Lost instrument; parol evidence.   But he alleged in his bill of particulars that the original was lost, and on the trial he sufficiently proved its loss, and then proved the contents thereof by parol evidence.   No objection was made, in the court below, to the introduction of said parol evidence, and hence of course no error was committed in permitting it to go to the jury.

Said written instrument was a contract made and signed by the parties to this action, and by several other persons. It was in substance as follows: Each signer was to keep up his own cattle, and prevent the same from trespassing upon or injuring the crops or hedges of any one of the other signers,

3. Parties may by contract provide for settlement of claims for damages.   for the period of three years; but in case any injury should occur within that time by reason of the cattle of any one signer trespassing upon the crops or hedges of any other signer, and in case the parties themselves could not agree upon the amount of the damages sustained, then the question as to the amount of such damages was to be submitted to arbitrators consisting of three of the signers to said written instrument—each party choosing one of such arbitrators, and these two a third, and the decision of the arbitrators was to be final between the parties.   We know of no reason why such a contract should

not be valid and binding. The defendant's cattle trespassed upon the plaintiff's wheat crop, and injured it. The wheat stood growing in a field around which no fence or other lawful inclosure existed. But if said contract was valid and binding, and we think it was, it made no difference whether said field was fenced or not. The plaintiff, after driving said cattle from his wheat-field to the defendant's premises, demanded of the defendant damages for the injury which he (the plaintiff) claimed that the cattle had committed, and he had sustained; but the defendant refused to pay any damages; he said that he would not be bound by said contract, and that if the plaintiff got anything out of him it would be by law. The defendant himself testified on the trial—"I told plaintiff that I had consulted with attorneys with reference to said contract, and that I would not recognize it, as others had not recognized it." The plaintiff did not propose to appoint arbitrators under the contract; and under the circumstances we do not think that he was required to do so. It would have been an idle and useless ceremony to propose an arbitration under a contract which the defendant refused to recognize. The defendant, by refusing to recognize the contract, waived his right to an arbitration, and at once gave authority to the plaintiff to sue him in any court having the requisite jurisdiction, for the damages which plaintiff had sustained.

*4. On refusal to arbitrate, right of action at law accrues.*

The defendant, Berry, offered to prove on the trial, that plaintiff's cattle had trespassed upon his crops; but the plaintiff objected, and the court sustained the objection. The defendant (plaintiff in error) now claims that this ruling of the court below was erroneous. We do not think however that it was erroneous. The defendant did not inform the court below for what purpose he offered to introduce said evidence, and he had no bill of particulars or other pleading on file (for he had filed none) from which his purpose might be ascertained or inferred. But we would think said evidence was incompetent for any purpose. It was certainly not sufficient to show that the parties had by

*5. Mutual trespasses; effect of contract.*

mutual consent rescinded said contract, or waived its terms. The contract itself contemplated that there would be trespasses, and provided a way for settling the damages caused thereby. Each party had a right under the contract to recover damages for trespasses committed by the cattle of the other party, and each party had a right to have these damages determined in a particular manner. And neither party lost his rights under the contract by permitting his cattle to trespass upon the crops of the other party. Therefore, as mutual trespasses would not of themselves and could not of themselves revoke or destroy the contract, then said evidence could have been relevant only for the purpose of establishing a counterclaim, or set-off. But it

Counterclaim; set-off.

was not sufficient for that purpose. A counterclaim or set-off is necessarily *a cause of action* in and of itself, and in favor of the defendant and against the plaintiff; and a set-off must be a cause of action arising *upon contract,* or ascertained by *the decision of a court.* A trespass disconnected with contract could not be the subject of set-off. But the defendant's evidence did not even prove a cause of action of any kind. It did not prove or tend to prove that the defendant's crops were fenced, or that the plaintiff drove his cattle upon the defendant's crops. Nor did it tend to prove any other contract than the one we have already mentioned. Now under that contract the defendant did not have either a counterclaim or a set-off. Under that contract it was not only necessary that the defendant's crops should have been injured by the plaintiff's cattle, in order to give the defendant a cause of action, but it was also necessary

6. Prerequisites to maintain action at law, while contract is in force.

that the defendant should have been ready and willing to have his supposed damages adjudicated under the contract by arbitrators, and that plaintiff should have been unwilling to have such damages so adjudicated. Now there is no pretense that the defendant was ever willing, or that the plaintiff was ever unwilling, to submit any question of damages to arbitrators according to said contract. Indeed, the defendant wholly ignored the contract, and refused to

recognize it. This is shown by the testimony of the defendant himself while on the witness-stand. If the defendant has really sustained any damage by reason of the plaintiff's cattle trespassing upon his crops, or hedges, he may hereafter offer to submit the question of damages to arbitrators, according to the contract, and then, if the plaintiff refuse, the defendant will have a cause of action against the plaintiff. But from the evidence he has no such cause of action now.

The judgment of the court below will be affirmed.

All the Justices concurring.