On Rehearing.
BREAUX, O. J.
Baccich & De Montluzin, at a succession sale of property belonging to the succession of H. W. S. Lund, became the adjudieatees of the tract of land of the late H. W. S. Lund. After the adjudication, they refused to sign the deed of- sale made to them in accordance with the adjudication.
Because they would not comply with their bid, the testamentary executrix of the succession sought by rule to compel them.
The rule recites the price of the adjudication, and gives a description of the property. It also mentions that 10 per cent, of the price was deposited as required, to use a well-understood expression in business, “to hold the bid.” In the prayer of the rule, plaintiffs ask an order from the court to compel these adjudieatees to sign the notarial deed tendered and pay the price, which amounted to $42,975, with 8 per cent, per annum interest from December 7, 1911. *413 There were other recitals in connection with the price and. other details gone into, in regard to it.
In the alternative, plaintiffs in rule ask that the property be resold after legal delays and advertisements at the risks and expense of the defendants in rule.
Part of the prayer asks for specific performance. Although inartfully drawn, effect is given to it. The demand was substantially for a sale á la folie enehere.
The defendants in the first place pleaded res judicata.
In the ease of Zagama v. City of New Orleans et al., 128 La. 386, 54 South. 916, between different parties and relating, not to the same property, but to property on the Gentilly Road, this court decided adversely to the issues presented in this case; but it must be said here that the evidence materially differed between the two cases. The decision rendered in this case is cited as res judicata. Zagama v. City of New Orleans, 128 La. 388, 54 South. 916.
The defendants filed an exception in the district court to the jurisdiction of the court, as they resided in the city of New Orleans, and not in Rapides parish, where the late H. W. S. Lund lived at the time of his death.
The defendants pleaded the general issue except in so far as they admitted certain facts alleged. They admitted that they purchased at public auction on December 7,1911, for the price before mentioned, but they denied that a good title had'been tendered to them; that, on the contrary, it is a title suggestive of lawsuits. They represent that it was the duty of the vendor to deliver the land which they have agreed to sell, which plaintiffs failed to do.
They alleged further that the city of New Orleans was -entitled to a. right of servitude of way along the banks of Bayou Gentilly, or that in any event the said Bayou Gentilly is (no) part of the public domain, but that the city has the right to convey its rights to the bayou and to the roads.
If that be correct, then they claim that they are entitled to a reduction of the price proportionate to the value and extent of the property adjudicated to them to which no title can be given, and for which no tender has ever been made. They represent: That value of the property tendered to them has deteriorated on account of the Bayou Gentilly and the roads to which the city of New Orleans has a right of servitude. That because of this alleged servitude the property is worth less than they had a right to think it was worth at the time it was adjudicated to them. That the bayou and the roads divide the front of the property and leave a small margin along the present Bayou Gentilly Road. They also said that it was their intention originally to pay cash for the property; that, in the event the court found that the title is sufficient to the entire tract, then that they should not be condemned to pay more than the legal rate of interest less the amount deposited by them in the hands of the auctioneer. They ask for a dismissal of the rule taken out against them, and in the alternative that the succession be condemned to pay to them that portion of the price of the land of which the succession is in possession.
The first proposition for discussion (raised by defendants for the first time on appeal) relates to the plea for specific performance and the alternative plea for a resale urged by plaintiffs in rule, which they aver is not sufficiently clear to sustain a judgment.
It is hardly proper at this time to dismiss the action on the grounds urged. The defendants in rule are called upon by it to specifically perform their contract, and, in case it is not performed, then the plaintiffs ask that the property be resold. In one sense it was possible to aver that the defendants should pay or that the property be resold. *415 As an independent proposition, specific performance cannot be ordered- at this time and in these proceedings, by reason of the fact that the court at the succession domicile is without jurisdiction to compel specific performance. The district court of Rapides had jurisdiction to order the resale; but that was all. The court may have jurisdiction of one of the grounds of the action and not ■of another and pass upon the former. The question of the right to the resale will be ■decided.
Jurisdiction.
[1] We held heretofore in the present case that the district court of Rapides parish, in which the succession was opened, has no jurisdiction of the transfer to the defendants, .and it follows no authority to issue an order to resell the property.
Defendants, after they had become adjudi•catees, declined to accept and sign the deed. They refused to complete the sale. They had .substantially bound themselves to sign this deed. It was an obligation on their part to sign, but, owing to their refusal, it remains .an incomplete act in the settlement of the succession. The court had sufficient jurisdiction to assert its authority. By becoming adjudicatees, the defendants had made themselves parties to the proceedings; they rendered themselves subject to the court’s authority to compel them to do that which they had bound themselves to do or show reasons to justify their conduct. Jurisdiction •continues until the sale is completed and the deed signed. Until then, the court having probate jurisdiction has authority to compel •obedience regarding the signing of the auctioneer’s deed or to order that the property be resold.
The following authority is in point: Landry v. Connely, 4 Rob. 127.
A similar view sustaining the right claim•ed by plaintiffs was expressed in Raquet v. Barron, 6 Mart. (N. S.) 659.
The court said in the last-cited case: The court of probates has jurisdiction to compel purchasers to make their contracts complete by affixing their signatures and giving their notes.
This proceeding is one in rem.
See, also, Harris v. Harris, 12 La. Ann. 10; Succession of Haggerty, 28 La. Ann. 87; Lewis v. Casenove, 6 La. 437; Succession of Bobb, 27 La. Ann. 344; 24 Cyc. p. 30; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563.
We think that the jurisdiction upon this subject passed from the parish courts, sitting as courts of probate, to the district court as relates to the point here.
For reason stated, the decision heretofore handed down by this court on this subject is recalled and annulled.
Res Judicata.
[2] The plea of res judicata is not sustained by the evidence. The parties to the suit are not the same as those who were parties in the case cited as sustaining defendants’ demand,, to wit, Zagama v. New Orleans, 128 La. 388, 54 South. 916.
As to the identity of the property: It is not the same, although contiguous. The evidence is different in one or two important particulars, as stated above. But, on account of these important variances and differences in the two cases, we must decline to grant the prayer which would result in dismissing the present 'suit. The similarity in the law points decided is not absolute because of the difference in the facts.